**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MISSOURI WESTERN DIVISION**

| | | |
|---|---|---|
| LISA RAGSDALE, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ASPEN CONTRACTING, INC.,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 4:25-cv-00730-BCW<br><br>**SECOND JOINT MOTION TO AMEND SCHEDULING ORDER** |

Lisa Ragsdale ("Plaintiff"), and Aspen Contracting, Inc. ("Defendant") (together, the "Parties") hereby jointly move for a second brief extension of the remaining deadlines in the scheduling order entered on May 14, 2026. *See* ECF No. 17. More specifically, the Parties request that the remaining deadlines be extended by an additional two months—with some light variance accounting for weekends and holidays—in order to provide sufficient time for the Parties to resolve some remaining discovery matters.

More specifically, the Parties state as follows:

1. On May 11, 2026, the parties filed their first joint motion to amend the Court's scheduling order—ECF No. 16—which this Court granted on May 14, 2026. ECF No. 17.

2. Through that motion, the parties detailed their discovery efforts and remaining outstanding issues tied to the production of Defendant's outbound communication logs.

3. Since this Court's May 14, 2026 order, the Parties have made progress, but some issues remain. Specifically, in June of 2026, Defendant produced additional communication data reflecting text message logs, which included some ancillary voice call data, but a review of that data appeared to highlight discrepancies with its prior production of voice call data. In short, the

new data indicated certain telephone numbers received telephone calls, but the previously produced voice call records—which *should* have overlapped in that respect with the supplemental production— did not reflect those calls.

4. Thereafter, the parties conferred as to this inconsistency, and agree that a technical issue remains which Defendant is presently working to address, and which Defendant expects to resolve in approximately one week.

5. Over the last few weeks, the parties have been amicably working to resolve these discrepancies prior to a deposition of Defendant's Rule 30(b)(6) corporate representatives, in order to streamline lines of questioning made upon those representatives and to maximize efficient discovery efforts and avoid the need for multiple depositions to address the forthcoming supplemental productions.

6. Plaintiff's impending deadline to submit an expert report is implicated by this outstanding discovery, as Plaintiff's expert will focus on analyzing accurate communication logs and "scrubbing" them against various criteria which will be relevant to Plaintiff's forthcoming motion for class certification, including scrubbing against the National Do-Not-Call Registry ("DNC Registry"), as well as a business phone number vs. residential phone number scrub.

7. Moreover, Plaintiff's claims involving the DNC Registry necessarily require consumers to receive at least two communications in a 12-month period, and so complete records of outbound text messages must be referenced with the voice call logs to identify consumers who received at least two communications, which Plaintiff contends could come in the form of a text message plus a voice call.

8. As a result, Plaintiff is unable to effectively complete her expert report without that outstanding information, and accordingly, would be prejudiced in her ability to effectively brief her class certification motion.

9. Because the Parties have been working through these discovery issues diligently and amicably—without requiring Court intervention and motion practice—and because the Parties anticipate resolving the outstanding discovery issues in the near future, the Parties respectfully request that the Court extend the remaining deadlines in the schedule by an additional two months to ensure that all issues are resolved.

10. This is the Parties' second request to modify the scheduling order.

11. No Party will be prejudiced by modifying the scheduling order as the Parties request through this motion.

12. Wherefore, for good cause shown, the Parties respectfully request that the Court enter the following amended schedule:

**PROPOSED AMENDED SCHEDULE**

| **Event** | **First Amended Date** | **Proposed Second Amended Date** |
|---|---|---|
| Close of discovery | October 26, 2026 | January 4, 2027 |
| Motion for Class Certification | September 17, 2026 | November 19, 2026 |
| Asserting party's expert report(s) | July 20, 2026 | September 21, 2026 |
| Defending party's expert report(s) | August 17, 2026 | October 19, 2026 |
| Rebuttal expert report(s) | September 1, 2026 | November 2, 2026 |
| Trial Scheduling Telephone Conference | January 19, 2027 | March 16, 2027 |
| Submission of Second Phase Scheduling Order | January 7, 2027 | March 8, 2027 |

Date: July 10, 2026

*/s/ Alex D. Kruzyk*
Alex D. Kruzyk (pro hac vice)
Bryan A. Giribaldo (pro hac vice)

**PARDELL, KRUZYK & GIRIBALDO, PLLC**
7500 Rialto Blvd. Suite 1-250
Austin, Texas 78735
Tele: (561) 726-8444
akruzyk@pkglegal.com
bgiribaldo@pkglegal.com

Anthony E. LaCroix
LaCroix Law Firm LLC
1600 Genessee, Suite 956
Kansas City, Missouri 64102
Tele: (816) 399-4380
tony@lacroixlawkc.com

*Counsel for Plaintiff and the proposed classes*

Date: July 10, 2026

*/s/ M. Jared Marsh*

M. Jared Marsh MO #51817
**KRIGEL NUGENT + MOORE, P.C.**
4520 Main Street, Suite 700
Kansas City, MO 64111
Phone: (816) 756-5800
Fax: (816) 756.1999
jmarsh@knmlaw.com

*Counsel for Defendant*